STEPHANIE S. CHRISTENSEN
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Deputy Chief, Cyber & I.P. Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0759
     Facsimile: (213) 894-2927
     E-mail:    khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-CR-203-ODW-6 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT YUSUF ADEKINKA ANIFOWOSHE |
| v. | |
| ABDULRAHMAN IMRAAN JUMA et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Khaldoun Shobaki hereby files its Sentencing Position for defendant Yusuf Adekinka Anifowoshe.

///

///

///

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report and disclosed recommendation letter, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 22, 2022					Respectfully submitted,

							STEPHANIE S. CHRISTENSEN
							Acting United States Attorney

							CHRISTOPHER D. GRIGG
							Assistant United States Attorney
							Chief, National Security Division

							/s/ Khaldoun Shobaki
							_____
							KHALDOUN SHOBAKI
							Assistant United States Attorneys

							Attorneys for Plaintiff
							UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Between December 2019 and April 2020, defendant Yusuf Adekinka Anifowoshe ("defendant") engaged in a money laundering conspiracy with several co-conspirators.  On February 14, 2022, defendant pleaded guilty, pursuant to a plea agreement, to conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h) (Count 2).

The United States Probation Office ("USPO") disclosed its Presentence Investigation Report ("PSR") and Recommendation Letter on June 10, 2022.  (Dkt. Nos. 95, 96.)  The USPO calculated a total offense level of 16 and determined that defendant fell within Criminal History Category II, corresponding to a Guidelines range of 24 to 30 months.  In its disclosed recommendation letter, the USPO recommended that the Court grant a 6-month variance below the applicable sentencing guidelines range and sentence defendant to a term of 18-months' imprisonment, a three-year term of supervised release, and a mandatory special assessment of $100.

The government agrees with the USPO's Guidelines calculation but does not agree that a variance is warranted.

**II.   STATEMENT OF FACTS**

From at least December 19, 2019 through April 26, 2020, defendant conspired to engage in money laundering with multiple co-conspirators, including unindicted co-conspirator Ramon Olorunwa Abbas (referred to in the Plea Agreement and PSR as "UICC 1").[1]  (PSR

---

[1] UICC 1 is identified in the indictment as Ramon Olorunwa Abbas.  Abbas was charged in the criminal complaint initially filed in this matter (Case No. 2:21-MJ-760), but pursuant to the terms of a plea agreement in a separate prosecution (Case No. 2:20-CR-322-ODW) Abbas was not indicted in this case.  Abbas will appear before this Court for sentencing in that case on September 21, 2022.

¶ 20.) Defendant played a minor role in the conspiracy, helping to bolster schemes devised by his coconspirators to defraud the victims and to launder the proceeds of that fraud. (PSR ¶ 22-24.)

Defendant admitted to engaging in several overt acts in furtherance of the conspiracy. (PSR ¶¶ 29-37.) Defendant called the victim and posed as a bank executive. (PSR ¶ 30.) On several occasions, defendant and Abbas discussed purchases of expensive watches with the proceeds of the fraud scheme. (PSR ¶¶ 33-35.) Defendant admitted that $510,000 in approximate actual or intended loss was foreseeable to him in connection with the crimes. (PSR ¶ 37.)

**III. THE PRESENTENCE REPORT AND RECOMMENDATION LETTER**

The USPO calculated defendant's total offense level of 16, based on a base offense level of 21 before adding specific offense characteristics and applying a four-level role adjustment and a three-level downward adjustment for acceptance of responsibility. (PSR ¶¶ 52-63.) The USPO also calculated a criminal history category of II, yielding a total imprisonment range of 24 to 30 months. (PSR ¶¶ 65-70, 103.)

In its disclosed recommendation letter, the USPO recommended a 6-month variance and term of imprisonment of 18 months, followed by a three-year term of supervised release, and a $100 special assessment. (USPO Recommendation Letter at 1-2, 6.)

**IV. THE GOVERNMENT'S SENTENCING POSITION**

As noted above, the government agrees with the USPO's calculation of defendant's base offense level and criminal history category. However, the government does not agree that a variance is warranted. In its explanation of the recommended variance, the

2

disclosed *recommendation* letter indicates that "[d]espite prior fraud related convictions, Anifowoshe has never served a sentence of imprisonment." (USPO Recommendation Letter at 6.) As reflected in the PSR, in 2017 defendant was convicted in New Jersey and Georgia, and had a 2015 bench warrant in Florida for failure to appear. (PSR ¶¶ 67, 68, 73.) Defendant's failure to show respect for the law despite his prior convictions weighs against a variance here. The 24-to-30-month advisory Guidelines range properly reflects defendant's criminal history and role in the offense and a variance is not appropriate. A low end 24-month sentence is appropriate to punish his conduct, afford adequate deterrence, and to protect the public. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(C).[2]

**V.   CONCLUSION**

For the foregoing reasons, the government recommends that the Court impose a custodial sentence of 24 months, followed by a three-year term of supervised release.

---

[2] The government will separately file with the Court, under seal, victim impact statements received in this matter.